## In The United States District Court
## District of Maryland



USDC- GREENBELT
'26 MAY 19 PM 12:49

## COMPLAINT FOR DAMAGES
## AND JURY DEMAND

FREDRICK W. HEROLD, JR.     :
13703 Velvet Antler Way      :
Midlothian (Chesterfield County)   :
Virginia 23112         :
804-601-4001         :
herold.skip@gmail.com      :

     Plaintiff,     :  Case No. BAH 26 CV 1 9 6 3
             :

  *-versus-*         :
             :

Robert John Merriken  *and*   :
28320 Canvasback Lane      :
Easton (Talbot County) *Carla knight* :
Maryland 21601        :
410-822-6800 *(Address will be:Provided)*
rmerriken@ctklaw.com     :
             :

     Defendants.    :

---

### THE PARTIES TO THIS COMPLAINT AND BASIS FOR JURISDICTION

Plaintiff Fredrick W. Herold, Jr. ("Plaintiff") is a citizen of Virginia.   *Carla knight*

Defendant Robert J. Merriken {"Mr. Merriken") is a citizen of Maryland.   *a citizen is of MD*

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the parties listed

above reside in different states and the amount in controversy exceeds $75,000, not counting interest

and costs of court.

### CLAIMS

1.  The Plaintiff is the surviving son of the Decedent, Fredrick W. Herold.

2. Defendant, Robert J. Merriken {"Mr. Merriken"), was appointed as successor personal representative of Plaintiff's late father's estate (The Estate of Fredrick W. Herold) on August 18, 2020 by the Orphans' Court of Talbot County, Maryland. Kristina Herold, through her attorneys, filed the petition for Mr. Merriken's appointment. This appointment established a fiduciary relationship between Mr. Merriken and the Plaintiff. Mr. Merriken breached his fiduciary duty as Personal Representative by unequally serving the interests of Kristina Herold and her attorneys over the interests of the Plaintiff, Estate, and all other beneficiaries.

3. During his tenure as Personal Representative, Mr. Merriken failed to recover missing assets that were owned by the Decedent of the Estate at the time of his death. These assets include: (a) The Decedent's Merrill Lynch accounts that were illegally and fraudulently stolen by the Decedent's spouse, Kristina Herold, via forged Merrill Lynch Client Relationship Agreements; (b) the Estate's missing rental income that Ms. Herold stole during the interim period while the Estate had no Personal Representative; (c) improper "legal fees" paid to Kristina Herold's attorneys that compensated them for aiding and abetting Ms. Herold's thefts from the Decedent and Estate; and (d) the Decedent's accounts from The Talbot Bank. Additionally, Mr. Merriken failed to repatriate the aforementioned missing assets to the Estate upon discovery.

4. On May 19, 2023, Mr. Merriken distributed the Estate's remaining assets to the Estate's beneficiaries, including the Plaintiff. At that time, the Plaintiff sustained financial injury in the form of a final Estate disbursement check that was over $100,000 short of Plaintiff's intended inheritance, as stated in the Probated Will of the Decedent.

5. Plaintiff informed Mr. Merriken of forgeries and anomalies found in the Decedent's financial records that were obtained during the pendency of a lawsuit against Kristina Herold. These discussions took place during the first month of Mr. Merriken's appointment as personal representative, and throughout his tenure as PR. In all, Plaintiff notified Mr. Merriken more than

90 times through telephone contact, a personal meeting during his first month of appointment, numerous court filings, and through the Estate file, which Mr. Merriken stated he reviewed. Given the abundance of information reviewed by, and sent to, Mr. Merriken, he knew, and should have known, that the Estate was short by more than 50% of its total value pursuant to the Decedent's probated Will. Mr. Meriken had a duty to investigate and act upon the Plaintiff's allegations. By not doing so, he breached his fiduciary duty and harmed the Plaintiff.

6.  Mr. Merriken had a duty to prosecute theft from the Estate. His failure to investigate and prosecute the thefts and improper legal fee disbursements stated herein caused damages to the Estate exceeding $500,000. This harmed the Plaintiff.

7.  Mr. Merriken failed to investigate over $20,000 of suspicious account entries made by Kristina Herold, through her attorneys, regarding unrealistic management expenses of the Estate's rental properties, that were allegedly incurred by Ms. Herold, before the Estate was opened. Defendant failed to disgorge Ms. Herold of the  illegal disbursements from the Estate's rental properties that she took prior to the settlement of the Estate.

8.  Throughout his tenure as Personal Representative, Mr. Merriken collaborated with Kristina Herold's attorneys to unjustly enrich Ms. Herold and her attorneys. For example, in or around December, 2022, Mr. Merriken communicated with Kristina Herold's attorneys to thwart an appeal of unjust legal fees awarded to Ms. Herold's attorneys. Through his actions, Mr. Merriken played a roll in assisting Ms. Herold's attorneys to intentionally and unjustly increase the costs of preparing the record for appeal by thousands of dollars, which made the appeal unaffordable for the Plaintiff. Ultimately, Ms. Herold's attorneys were paid over $170,000 for "legal services" designed and calculated to aid and abet Ms. Herold's criminal concealment of theft from the Estate. Given the abundant evidence available to Mr. Merriken, he knew, and should have known, that Ms. Herold's attorneys were committing nefarious crimes against the

Estate. Mr. Merriken had a duty to report criminal misconduct to the appropriate authorities. He breached his professional and fiduciary duty by paying for "legal services" that were calculated to harm the Estate, and for failure to report known crimes committed against the Estate. Plaintiff's inheritance was drastically diminished by Mr. Merriken's biased collaboration with Ms. Herold and her attorneys, and by him knowingly allowing criminal misconduct against the Estate and interests of the Plaintiff.

9. Mr. Merriken had a duty to oppose the unjust legal fees that were paid to Ms. Herold and her attorneys as reimbursement for the costs Ms. Herold incurred to conceal crimes against the Estate and defend against five felony charges that resulted from her crimes against the Estate. He further had a duty to investigate the excessive redaction of Ms. Herold's legal invoices that were redacted to the point of intelligibility. He failed to do so, which harmed the Plaintiff.

10. Mr. Merriken failed to reduce Ms. Herold's inheritance by reducing her distributions to account for the assets she stole from the Estate and thefts from the Estate prior to opening it.

11. Mr. Merriken failed to make a claim against the first Personal Representative, Carla Lynn Knight, and her surety bond, regarding her failure to prudently manage the Estate. Ms. Knight failed to recover the Estate's missing assets that were wrongfully taken by Kristina Herold, as alleged herein. She also failed to recover damages to one of the Decedent's rental properties caused by the negligence of Kristina Herold, and her property manager, through their failure to pay the electric bill during freezing temperatures. This caused the pipes to freeze.

12. Mr. Merriken failed to investigate a claim made by Ms. Knight that the unredacted version of her excessively redacted legal invoice would cause "irreparable harm to her defenses" in future litigation. As a fiduciary, Mr. Merriken was obligated to further investigate such an extreme claim, as such a claim evidenced likely foul play by the Estate's prior Personal Representative.

13. Mr. Merriken was unjustly enriched due to his compensation exceeding the maximum allowable compensation under Md. Est. and Trusts Code § 7-601(b)(2). This excessive compensation reduced Plaintiff's inheritance, which he is legally entitled to.

14. Plaintiff alleges the torts of: (1) Breach of Fiduciary Duty; (2) Negligence; (3) Gross Negligence; (4) Conspiracy; and (5) Unjust Enrichment. The totality of facts contained in this Complaint support these Counts and allege harm to the Plaintiff.

15. Plaintiff will consult with an attorney and amend this Complaint prior to serving it on the Defendant.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Court will award maximum allowable compensatory and punitive damages to him for the allegations contained herein, as determined by a jury of his peers;

that the Court will award Plaintiff reimbursement of all Court costs, attorney's fees, and other costs necessary to pursue and maintain this lawsuit; and

that this Court will provide any other relief that is appropriate and just.

## JURY DEMAND

Plaintiff requests a jury trial in this matter.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case- related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _5/19/26_

_____
Fredrick W. Herold, Jr.
Plaintiff